## Myers *versus* Leas.

1. Where a conveyance of land has been made to A. by his wife's father, and subsequently, judgment having been obtained against A., execution is issued thereunder and the land sold at sheriff's sale, the wife of A. may defend in an ejectment by the purchaser by showing that the conveyance was really intended for her sole benefit and that her husband paid no part of the consideration therefor; and further, that the plaintiff had full knowledge of her title at the time of the sheriff's sale.

2. In such case evidence is admissible on behalf of the defendant to prove that her father made like advancements to his other children in his lifetime. Evidence is also admissible to show that said father, both before and after the conveyance in question, made parol declarations to the effect that the same was intended as an advancement to his daughter.

3. The presumption in such case is against the title set up by the defendant. Full and satisfactory evidence on her part, however, that the conveyance was actually intended as a gift or advancement is a sufficient defence.

4. The admission of parol evidence to prove the fact of said advancement is not in contravention of the provisions of the Act of April 22d 1856, Pamph. L. 532.

June 1st 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Adams county :* Of May Term 1882, No. 204.

Ejectment, by Ezra M. Myers against John E. Leas and Amanda, his wife, for a tract of land in Huntingdon township. The defendant, John E. Leas, filed a disclaimer of all title except as agent and trustee for his wife.

On the trial, before McLEAN, P. J., both parties deduced title from one Peter Myers, father of the defendant, Amanda Leas. Plaintiff put in evidence a deed from said Myers to defendant, Leas, for said tract, dated April 5th 1858, for a consideration of $3,000, which deed was duly recorded. He further showed the recovery of judgment by himself against

Leas, the issuing of an execution thereon, the sale of the said tract at sheriff's sale to himself as the property of Leas, and the execution of a sheriff's deed to him therefor. Plaintiff then rested.

Defendant, Amanda Leas, then introduced evidence to show that the conveyance was really for her benefit, being intended as an advancement to her by her father, and that her husband had paid no part of the consideration therein expressed. She also introduced evidence showing that at the sheriff's sale to plaintiff a written notice setting forth the nature and extent of her title had been read publicly.

Defendant then offered to prove that Peter Myers had two sons, Elijah and Isaac; that he had three daughters, Hannah Chronister, Amanda Leas, and Sidney Bell; that he owned four farms, and a house and lot in Pinetown; that he divided his estate to his children in his lifetime, with the exception of two or three hundred dollars in money ; that he gave to Elijah Myers one farm in 1841 ; the consideration named being $4,000, out of which three thousand was his share in the estate, and he to pay out $1,000 ; that he gave to Isaac Myers a farm, the consideration named, $4,000, requiring him to pay out a thousand dollars, $3,000 being his share ; that to Hannah he gave the property in Pinetown, and money to make up her share of $3,000, which was put into the hand-money of a farm purchased by her husband, Jesse Chronister ; that the farm now in dispute had belonged to Isaac Myers, who, at the request of his father, conveyed it to his father, Peter Myers, in 1841, at the time he commenced this distribution of his lands, in order that it might go to Amanda as her share in his estate, this being done at the time he gave the farm in York county instead of it ; that the farm in dispute and another farm in the neighborhood called Germany, in Adams county, be reserved for his two daughters, and said (Peter Myers) that that would suit the girls; that after the marriage of Amanda to John E. Leas in 1858, he (Peter Myers) and his wife went or started to go to 'Squire Webb's, saying that he was going to deed the farm to Amanda ; that he went (I suppose) on the same day, brought the deed which has been given in evidence to the house where John E. Leas and Amanda lived, on the farm belonging to John E. Leas, adjoining the one in dispute—brought it there and gave it to Amanda, Mr. Leas not being present, but afterwards coming in ; that while there he gave the deed to Amanda, and said it was Amanda's ; that while there, on looking at the deed, some one remarked that the deed was made to Ephraim, that is, John E. Leas ; that the old man said, " Well, it don't make any difference ; that 'Squire Webb said it didn't make any difference, that she could hold it anyhow ;" that he afterwards executed a deed

for his remaining farm to his daughter Sidney, after her marriage to George Bell; that he said that he had now given to each of his children a farm, and if they could not get along it wasn't his fault, or he could not help it—something like that; that there was no consideration paid for this conveyance to John E. Leas; the consideration was Amanda's share in her father's estate thus distributed by him; that Amanda always claimed this as her own separate property, and regarded it as such from the time that this deed was executed, and that she has held it by tenants ever since; that anything done by her husband in connection with the farm was as her agent, and that notice of her title was given at the sheriff's sale at which the plaintiff purchased; this to be proved by the witness on the stand and other witnesses.

That the sum of two or three hundred dollars of money which Peter Myers reserved was divided among his children after his death; that he died intestate, there being no administration of his estate in pursuance of his request; and that the few hundred dollars which he had remaining was divided among his children in pursuance of his request during his lifetime. That John E. Leas had no knowledge of this conveyance until after it was made—that there was no gift to the husband—that the deceased repeatedly declared to different persons that he purposed to give this farm to Amanda before it was given, and afterwards that he had done so.

Objected to on the ground that it was not competent to defeat the written title of the plaintiff by parol evidence. Objection overruled. Evidence admitted. Exception. (First assignment of error.)

Defendant also offered to show declarations of the grantor of the distribution of his estate after the execution of the deed to Leas. Objected to. Objection overruled. Evidence admitted. Exception. (Ninth assignment of error.)

Plaintiff requested the court to charge in substance that in view of the plaintiff's evidence there was no evidence in the case under which the jury could find a trust in the real estate in Amanda Leas arising or resulting by implication or construction of law; and further, that her defence was in contravention of the Statute of Frauds of April 22d 1856.

Refused. Exceptions. (Second and third assignments of error.)

Defendant requested the court to charge as follows:

1. If the jury believe from the evidence, that the deed from Peter Myers and wife to John E. Leas, of date April 5th 1858, was intended for the benefit of Amanda Leas, and that the consideration mentioned in it, was not paid, nor intended to be paid, and that the land conveyed by the deed was a gift from Peter

[Myers *v.* Leas.]

Myers to his daughter, Amanda Leas, and represented her portion of his estate ; the law will imply a trust for her in the land, and she was the beneficial owner of it, notwithstanding the fact that the deed was made in the name of her husband ; and her title was not bound by judgments entered against her husband, and could not be sold on execution for his debts.   Affirmed ; exception.   (Fourth assignment of error.)

2. If the equitable title to the farm in dispute was in Amanda Leas, by gift from her father as mentioned in the first point, it could not be incumbered by judgments entered against her husband, John E. Leas, nor sold on execution for his debts, notwithstanding the deed was made in his name and he, having obtained possession of the deed, showed it to persons of whom he wanted to borrow money, representing the title to be in himself alone, and procured loans from parties under the belief of such representations. Affirmed ; exception.   (Fifth assignment of error.)

3. If the equitable title to the land in dispute was in Amanda Leas, as mentioned in the first point, and she gave notice of her title at the sheriff's sale, the purchaser took nothing by his deed, and is not entitled to recover against her.   Affirmed ; exception.   (Sixth assignment of error.)

The court, in its general charge, reviewed the evidence at length, and instructed the jury, inter alia, as follows :

" So, if you find from the evidence that Mrs. Leas was the lawful owner of this land, as set out in defendants' first point, and as in her first notice at the sheriff's sale, the plaintiff took nothing by his deed, and is not entitled to recover against her. The evidence on the subject is referred to you for your determination, under the instructions by the court as to the law.   If no beneficial interest vested, or was intended to be vested, in John E. Leas, and if he was a mere trustee from the nature of the transaction, there was nothing in this land which his judgment creditors could touch." Exception.   (Seventh and eighth assignments of error.)

Verdict in favor of Amanda Leas, and judgment thereon, whereupon plaintiff took this writ, assigning for error the admission of defendant's offers of evidence, the answers to plaintiff's and defendant's points, and the portion of the charge cited above.

*D. McConaughy* (with whom was *D. Wills*), for the plaintiff in error.—The trust sought to be set up by defendant is an express trust.   The admission of evidence, such as was offered to establish such trust, is in direct conflict with the act of April 22d 1856, Pamph. L. 532.   The trust was not resulting or constructive so as to fall within the exception or proviso to said

[Myers *v.* Leas.]

act; it did not arise out of a fraud, nor did defendant pay the purchase-money. She was bound to prove payment by her of the said purchase-money if she purposed to set up a resulting trust: Barnet *v.* Daugherty, 8 Casey 371; Bickel's Appeal, 5 Norris 204.

The declarations of a grantor made subsequently to the execution of a deed cannot be given in evidence to invalidate that deed. No man shall be permitted to defeat his own grant by subsequent declarations: Patton *v.* Goldsborough, 9 S. & R. 47; Chess *v.* Chess, 1 Penn. Rep. 32; Hoffman *v.* Lee, 3 Watts 352; Postens *v.* Postens, 3 W. & S. 127; Payne *v.* Craft, 7 W. & S. 458; McIldowny *v.* Williams, 4 Casey 492.

If even there was a resulting trust by implication of law, it could not be enforced by Amanda Leas in a court of equity after this long lapse of time since the date of the execution of the deed, April 5th 1858. The 6th section of the Act of Assembly of April 22d 1856, before referred to, prohibits it. There was no entry or assertion of claim by her within five years of the date of the deed to her husband: Clark *v.* Trindle, 2 P. F. S. 492; Best *v.* Campbell, 12 P. F. S. 476. The possession of defendant in company with her husband was not sufficient: Curry *v.* Bott, 3 Smith 401.

*R. G. McCreary* (with whom was *J. C. Neely*), for the defendant in error.—Trusts or confidences arising by implication or construction of law are expressly excepted from section 4 of the Act of April 22d 1856, and may be established by parol evidence: Lynch *v.* Cox, 11 Harris 265; Wiser et al. *v.* Allen et al., 11 Norris 317; Jackman *v.* Ringland, 4 W. & S. 149. The payment of the consideration for the deed alone is sufficient to establish a trust by implication, and it is not necessary that any payment be made in money; a gift by way of advancement is sufficient: Barncord *v.* Kuhn, 12 Casey 383; Beck's Executors *v.* Graybill & Swartly, 4 C. 66; Peiffer *v.* Lytle, 8 P. F. S. 386; O'Hara *v.* Dilworth, 22 P. F. S. 403; Harrold *v.* Lane, 3 P. F. S. 268. The wife was in possession, as she lived with her husband on the farm in dispute. Section 6 of the Act of April 22d 1856, has therefore no application: Clark *v.* Trindle, 2 P. F. S. 492; Webster *v.* Webster, 3 P. F. S. 161; Williard *v.* Williard, 6 P. F. S. 126; Douglass *v.* Lucas, 13 P. F. S. 9; Barrett *v.* Bamber, 31 P. F. S. 251. As between husband and wife the possession and use of property is no evidence of title for one against the other: Hoar *v.* Axe, 10 Harris 384; Manderbach *v.* Mock, 5 Casey, 46; Walker *v.* Reamy, 12 Casey 414. Parol evidence is admissible to explain or reform written agreements or deeds in case of mistake, accident, or trust: Rearich *v.* Swinehart, 1 Jones, 233–238; Barnhart *v.* Riddle, 5

[Myers v. Leas.]

Casey 92–96 ; Chalfant *v.* Williams, 11 Casey 212; Pritchard *v.* Brown, 4 N. H. 397. And the declarations and statements of Peter Myers of facts and circumstances tending to strengthen and corroborate such evidence, whether made before, at the time of, or after the execution and delivery of the deed, were properly admitted for such purpose : Lloyd *v.* Carter, 5 Harris 216 ; Murphy *v.* Hubert, 7 Barr 423 ; Reichart *v.* Castator, 5 Binney 109. Plaintiff had full knowledge of defendant's claim of title. Moreover he was only a judgment creditor, not a purchaser, and not therefore protected against trusts of which he had no notice : 1 Story's Eq. § 516 ; Shryock *v.* Waggoner, 4 Casey 430.

Mr. Justice STERRETT delivered the opinion of the court, October 4th 1882.

Both parties to this contention claim under Peter Myers, who in 1858 made a deed of the land in controversy to his son-in-law John E. Leas, as whose property the same was afterwards sold by the sheriff and purchased by the plaintiff. The deed from Myers to Leas, in connection with the judgments against the latter, executions thereon, sheriff's sale, and deed to the plaintiff, made a prima facie case, on which, in the absence of rebutting evidence sufficient to establish a better title in Mrs. Leas, the verdict should have been in his favor.

The defence interposed by Mrs. Leas was, that notwithstanding the deed was in the name of her husband, she was in fact the owner of the land ; that it was a gift to her from her father, representing her portion of his estate, and intended for her exclusive benefit; that no part of the consideration mentioned in the deed was either paid or intended to be paid by her husband, and that the plaintiff bought the land with notice that she was the equitable owner thereof, and that her husband had no interest therein to which the lien of the judgment or execution on which it was sold could attach. In support of this defence the testimony complained of in the first specification of error was rightly received and submitted to the jury. It tended to prove facts which constituted the basis of an equitable title in her, as was therefore clearly competent.

In view of the testimony thus properly before the jury there was no error in affirming the points referred to in the fourth, fifth, and sixth assignments, nor in charging the jury as complained of in the seventh and eighth specifications of error. The case was fairly submitted to the jury, with well-guarded instructions as to what was necessary to justify a verdict in favor of the plaintiff in error. After referring to the testimony and the nature of the defence set up by Mrs. Leas, the learned judge said : " The presumptions are all against her claim of title, living with her husband as these defendants were living. The

5 OUTERBRIDGE.—12

presumption of law is that the property belongs to the husband and not to the wife. The evidence to establish in her a separate estate in this land, by gift or advancement from her father, must be clear and satisfactory, sufficient to repel all adverse presumptions. It need not be so clear that there can be no doubt about it, which simply means that it need not amount to absolute demonstration. It is not enough that she was one of the five children of Peter Myers and that he was possessed of sufficient estate to provide each of them with a farm; but the the evidence must be clear, full and satisfactory, that this land was actually a gift or advancement from him to her." If the jury found from the evidence, as they doubtless did, that Mrs. Leas and not her husband was the actual owner of the land, the plaintiff took nothing by the sale. The verdict in her favor necessarily implies that the facts, substantially as claimed by by her, were found by the jury. Upon such a state of facts, no chancellor would hesitate to decree in her favor, as against her husband or any one claiming under him with notice of her equitable title.

The second and third assignments are not sustained. The defendant's testimony, tending to establish an equitable title in Mrs. Leas, was clearly for the jury, and it would have been error to have excluded it from their consideration by affirming the points covered by these assignments.

The ninth assignment of error is not sustained.

Judgment affirmed.